**FILED**

NOV 2 1 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KENT FLOWERS, | ) | |
| JAMES CORKER, and | ) | |
| SHAWN CUMMINGS, | ) | Jury Demanded |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **06CV6383** |
| | ) | **JUDGE MANNING** |
| BIG APPLE FINER FOODS, INC., | ) | **MAG. JUDGE COLE** |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, by their undersigned attorney, for their complaint of discrimination against Defendant, state as follows:

## NATURE OF THE CASE

1. The cause of action for Plaintiffs arise under Title VII of the Civil Rights Act, 42 U.S.C. section 2000e, as amended and 42 U.S.C. Section 1981, as amended.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to 42 U.S.C. section 2000e, 42 U.S.C. Section 1981, as amended, 28 U.S.C. 1343(4), and 28 U.S.C. 1331.

3. Venue in the Northern District of Illinois is proper. The claim for relief arose in this state as required by 28 U.S.C. 1391(b) and (c).

-1-

4. All conditions precedent have been fulfilled by Plaintiffs, including the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") of the United States Government, and a receipt of a Right-to-Sue Letter from the EEOC. (**EEOC Charges and Right-to-Sue Letters attached as Exhibit A**).

5. At all times relevant herein, Plaintiffs were in a contractual relationship with Defendant within the meaning of 42 U.S.C. Section 1981.

## PARTIES

6. Plaintiff Kent Flowers ("Flowers") is an African-American and a resident of the state of Illinois.

7. Flowers became employed by Defendant in November 1998 as an order picker/driver.

8. Plaintiff James Corker ("Corker") is an African-American and a resident of the state of Illinois.

9. Corker became employed by Defendant in December 2004 as a cooler employee.

10. Plaintiff Shawn Cummings ("Cummings") is an African-American and a resident of the state of Illinois.

-2-

11. Cummings became employed by Defendant in approximately June or July of 2004 as a driver.

12. Defendant, Big Apple Finer Foods, Inc. ("Big Apple"), is duly registered to conduct business in the state of Illinois.

13. At all times pertinent hereto, Big Apple has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

## COUNT I
## COMPLAINT OF KENT FLOWER OF HARASSMENT
## DUE TO RACE AND INFERIOR
## TERMS AND CONDITIONS OF EMPLOYMENT

14. That Flowers incorporates the preceding paragraphs.

15. That Flowers was a satisfactory and conscientious employee, who performed his assigned tasks in an acceptable manner consistent with Big Apple's standards.

16. That Defendant subjected Flowers to harassment due to his race.

17. That starting in approximately 1998 and continuing until July of 2005, Flowers was subjected to persistent racial harassment by his supervisors, Russell Lodarek ("Russel"),

-3-

Wayne Lodarek ("Wayne"), Frank Lodarek ("Frank"), and Al Gollucci ("Gollucci").

18.     At all times relevant herein, Russell was a supervisor under Title VII with respect to Flowers.

19.     At all times relevant herein, Wayne was a supervisor under Title VII with respect to Flowers.

20.     At all times relevant herein, Frank was a supervisor under Title VII with respect to Flowers.

21.     At all times relevant herein, Gollucci was a supervisor under Title VII with respect to Flowers.

22.     That from the start of Flowers' employment until his termination, Russell and Gollucci made derogatory comments about African-Americans. The derogatory comments included "blacks are stupid", "blacks can't read", "blacks can't swim", "you people", "you people are lazy", "all you do is shoot people", "you will never amount to anything", "nigger", "niggers are stupid", "niggers are dumb", and "no nigger can come into the neighborhood because of security reasons".

23.     That Defendant's facility had some cords hanging from the ceiling. Defendant's managerial employees would state, "We can hang some niggers here." This comment was repeated often.

-4-

24. That other African-Americans and Flowers were subjected to derogatory comments about black neighborhoods.

25. That when Flowers moved to Maywood, Illinois, Defendant's managerial employees made jokes that all the people of Maywood do is shoot people. Maywood, Illinois is a predominately African-American neighborhood.

26. That other African-Americans and Flowers were commonly referred to as "boy".

27. That other African-Americans and Flowers were subjected to comments about chocolate donuts being dirty.

28. That other African-Americans and Flowers were subjected to offensive comments about their skin color.

29. That other African-Americans and Flowers were subjected to racial drawings. For example, Gollucci drew a picture of a triangle inside a circle. Gollucci stated it was Ku Klux Klan member looking down at a black man thrown into a well.

30. That Defendant's illegal conduct was motivated by evil motive and intent and was reckless and callously indifferent to the federally protected rights of Plaintiff.

31.     That Defendant's treatment of Plaintiff and other minorities was motivated by racial animus and Defendant and its agents acted with racial animus directed toward African-Americans in violation of the law.

32.     That the racial harassment that Plaintiff and other minorities were subjected to in the hands of Defendant, its agents, representatives and employees was persistent in nature, unwelcome, extremely offensive, humiliating, and had the effect of creating a hostile and intimidating work environment for Plaintiff and other minorities.

33.     That said continuous and persistent race discrimination and harassment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

34.     That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has likely lost and will continue to lose substantial income, including but not limited to, wages, fringe benefits, pension, seniority benefits, and other employment benefits that are due them.

35.     That as a further direct and proximate result of said unlawful employment practices Plaintiff has suffered the indignity of discrimination, invasion of their right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends and family.

-6-

36.     That as a further direct and proximate result of said unlawful employment practices, Plaintiff

has suffered extreme mental anguish, outrage, severe anxiety about his future and ability to

support himself, harm to his employability and earning capacity, painful embarrassment

among friends and co-workers, damage to his reputation, disruption of his personal life, and

loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Flowers respectfully prays that the Court provide the following equitable and

legal relief:

a)      Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)      Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)      Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)      Award Flowers reinstatement, lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Flowers which resulted from the discrimination with applicable prejudgment and statutory interest;

e)      Award Flowers costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)      Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g)      Grant such other and further relief as this Court deems just and proper.

## COUNT II
## COMPLAINT OF KENT FLOWERS OF RACE
## DISCRIMINATION IN TERMINATION AND
## OTHER TERMS AND CONDITIONS OF EMPLOYMENT

37.     That Flowers incorporates the following preceding paragraphs by reference here: ¶¶ 1-13 and 15-36.

38.     That Defendant terminated Flowers due to his race.

39.     That Defendant further subjected Flowers to illegal, inferior and miserable terms and conditions of employment due to his race in violation of the Title VII and 42 U.S.C. 1981.

### PRAYER FOR RELIEF

WHEREFORE, Flowers respectfully prays that the Court provide the following equitable and

legal relief:

a)      Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)      Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)      Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)      Award Flowers lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Flowers which resulted from the discrimination with applicable prejudgment and statutory interest;

e)      Award Flowers costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)      Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g)      Grant such other and further relief as this Court deems just and proper.

## COUNT III
## COMPLAINT OF JAMES CORKER OF HARASSMENT
## DUE TO RACE AND INFERIOR
## TERMS AND CONDITIONS OF EMPLOYMENT

40.  That Corker incorporates the following preceding paragraphs by reference here: ¶¶ 1-13.

41.  That Corker was a satisfactory and conscientious employee, who performed his assigned tasks in an acceptable manner consistent with Big Apple's standards.

42.  That Defendant subjected Corker to harassment due to his race.

43.  That starting in approximately December of 2004 and continuing until the summer of 2005, Corker was subjected to persistent racial harassment by his supervisors, Russel, Wayne, Frank, and Gollucci.

44.  At all times relevant herein, Russell was a supervisor under Title VII with respect to Corker.

45.  At all times relevant herein, Wayne was a supervisor under Title VII with respect to Corker.

46.  At all times relevant herein, Frank was a supervisor under Title VII with respect to Corker.

47.  At all times relevant herein, Gollucci was a supervisor under Title VII with respect to Corker.

48. That during Corker's employment until the summer of 2005, Russell and Gollucci would make derogatory comments about African-Americans. The derogatory comments included "blacks are stupid", "blacks can't read", "blacks can't swim", "you people", "you people are lazy", "all you do is shoot people", "you will never amount to anything", "nigger", "niggers are stupid", "niggers are dumb", and "no nigger can come into the neighborhood because of security reasons".

49. That other African-Americans and Corker were subjected to derogatory comments about black neighborhoods.

50. That other African-Americans and Corker were subjected to derogatory comments about the attendance of black employees.

51. That other African-Americans and Corker were commonly referred to as "boy".

52. That Defendant's agents would make comments about dark fruit in reference to African-Americans.

53. That other African-Americans were subjected to racial drawings. For example, Golucci drew a picture of a triangle inside a circle. Golucci stated it was Ku Klux Klan member looking down at a black man thrown into a well.

-10-

54. That Defendant's illegal conduct was motivated by evil motive and intent and was reckless and callously indifferent to the federally protected rights of Plaintiff.

55. That Defendant's treatment of Plaintiff and other minorities was motivated by racial animus and Defendant and its agents acted with racial animus directed toward African-Americans in violation of the law.

56. That the racial harassment that Plaintiff and other minorities were subjected to in the hands of Defendant, its agents, representatives and employees was persistent in nature, unwelcome, extremely offensive, humiliating, and had the effect of creating a hostile and intimidating work environment for Plaintiff and other minorities.

57. That said continuous and persistent race discrimination and harassment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

58. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has likely lost and will continue to lose substantial income, including but not limited to, wages, fringe benefits, pension, seniority benefits, and other employment benefits that are due to him.

59. That as a further direct and proximate result of said unlawful employment practices Plaintiff

has suffered the indignity of discrimination, invasion of his right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff's friends and family.

60.     That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about his future and ability to support himself, harm to his employability and earning capacity, painful embarrassment among friends and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Corker respectfully prays that the Court provide the following equitable and legal relief:

a)      Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)      Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)      Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)      Award Corker lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Corker which resulted from the discrimination with applicable prejudgment and statutory interest;

e)      Award Corker costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)   Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g)   Grant such other and further relief as this Court deems just and proper.

### COUNT IV
### COMPLAINT OF JAMES CORKER OF RACE
### DISCRIMINATION IN TERMINATION AND
### OTHER TERMS AND CONDITIONS OF EMPLOYMENT

61.   That Corker incorporates the following preceding paragraphs by reference here: ¶¶ 1-13 and 41-60.

62.   That Defendant terminated Corker due to his race.

63.   That Defendant further subjected Corker to illegal, inferior and miserable terms and conditions of employment due to his race in violation of the Title VII and 42 U.S.C. 1981.

### PRAYER FOR RELIEF

WHEREFORE, Corker respectfully prays that the Court provide the following equitable and legal relief:

a)   Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)   Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)   Enter preliminary and permanent relief enjoining the discriminatory conduct

-13-

necessary to end Defendant's discriminatory practices and prevent current and future harm;

d) Award Corker reinstatement, lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Corker which resulted from the discrimination with applicable prejudgment and statutory interest;

e) Award Corker costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f) Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g) Grant such other and further relief as this Court deems just and proper.

**COUNT V**
**COMPLAINT OF JAMES CORKER**
**OF RETALIATION**

64. That Corker incorporates the following preceding paragraphs by reference here: ¶¶ 1-13; 41-60; and 62-63.

65. That in early August of 2005, Defendant received correspondence from Corker notifying Defendant that he had a cause of action against it for unlawful discrimination and/or harassment against him.

66. That on or about August 24, 2005, Corker filed a charge of discrimination with the Illinois Department of Human Rights against Defendant for racial discrimination and harassment.

67. That from early August of 2005 until September of 2005, Russell would ask Corker when

he [Corker] was going to drop his [Corker's] name from the lawsuit. Russell would also tell Corker that he thought Corker was going to drop his [Corker's] name from the lawsuit. Russell would make these comments to Corker approximately two times per week throughout said period.

68.    That Gollucci informed Corker that Defendant received Corker's charge of discrimination on Saturday, September 24, 2005. Corker did not work on that Saturday. When Corker returned to work on Monday, September 26, 2005, Gollucci asked him, "Why is my name on this lawsuit?"

69.    That on September 26, 2005, Corker's schedule was changed by Russell. Corkers schedule was changed in that his start time was changed from 6:00 a.m. to 5:00 a.m. Corker was informed that the reason his schedule was changed was that the shipments would be coming in earlier. However, the shipments did not come in earlier, they still came in at 6:00 a.m. Corker did not have anything to do between 5:00 a.m. and 6:00 a.m.

70.    That the schedule change took effect September 27, 2005. That day, Corker arrived six minutes late. Russell issued a written warning to Corker as a result. Corker had been late in the past but was never written up.

71.    That on October 18, 2005, Corker was terminated for tardiness.

72. That Donny (LNU), a co-worker of Corker, was late on two occasions during the week of September 26, 2005. Donny was not issued a written warning for his tardiness. Corker knew that Donny was not disciplined due to the fact that Defendant would attach the write-ups to the disciplined employee's times cards. The time cards were accessible to all of Defendant's employees.

73. That in October of 2005, Steve (LNU) and Rudy (LNU) arrived late to work. Steve and Rudy were written up only after Corker approached Russell in the afternoon and questioned him why he did not write up Steve and Rudy for tardiness like he had written him [Corker] up. On occasions when Corker was tardy, Russell wrote him up first thing in the morning.

74. That prior to Defendant receiving Corker's charge of discrimination, Defendant did not require punctual attendance of any of its employees. In fact, Defendant did not have a rigid work schedule for its employees.

75. That this conduct by Defendant directed against Corker for complaining about harassment amounts to retaliation in violation of the law.

76. That Defendant's treatment of Corker was motivated by evil motive and intent, and was recklessly and callously indifferent to Corker's federally protected rights.

77. That said retaliation adversely affected the terms and conditions of Corker's employment

with Defendant.

78. That as a direct and proximate result of said unlawful employment practices and disregard for Corker's rights and sensibilities, Corker has lost and will continue to lose substantial income, including, but not limited to, wages, fringe benefits, pension, seniority benefits, and other employment benefits.

79. That as a further direct and proximate result of said unlawful employment practices, Corker has suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Corker and his friends, family, and colleagues.

80. That as a further direct and proximate result of said unlawful employment practices, Corker has suffered extreme mental anguish, outrage, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity, shameful embarrassment among his friends, colleagues, and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Corker respectfully prays that the Court provide the following equitable and legal relief:

a) Advance this case on the docket, order a speedy hearing at the earliest practicable

date and cause this case to be expedited in every possible way;

b)     Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)     Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)     Award Corker lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Corker which resulted from the discrimination with applicable prejudgment and statutory interest;

e)     Award Corker costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)     Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g)     Grant such other and further relief as this Court deems just and proper.

## COUNT VI
## COMPLAINT OF SHAWN CUMMINGS OF HARASSMENT
## DUE TO RACE AND INFERIOR
## TERMS AND CONDITIONS OF EMPLOYMENT

81.     That Cummings incorporates the following preceding paragraphs by reference here: ¶¶ 1-13.

82.     That Cummings was a satisfactory and conscientious employee, who performed his assigned tasks in an acceptable manner consistent with Big Apple's standards.

83.     That Defendant subjected Cummings to harassment due to his race.

84.     That starting in approximately June or July of 2004 and continuing until approximately June
        of 2005, Cummings was subjected to persistent racial harassment by his supervisors, Russell,
        Wayne, Frank, and Gollucci.

85.     At all times relevant herein, Russell was a supervisor under Title VII with respect to
        Cummings.

86.     At all times relevant herein, Wayne was a supervisor under Title VII with respect to
        Cummings.

87.     At all times relevant herein, Frank was a supervisor under Title VII with respect to
        Cummings.

88.     At all times relevant herein, Gollucci was a supervisor under Title VII with respect to
        Cummings.

89.     That during Cummings' employment, Russell and Gollucci would make derogatory
        comments about African-Americans. The derogatory comments included "blacks are
        stupid", "blacks can't read", "blacks can't swim", "you people", "ya'll people", "you people
        are lazy", "all you do is shoot people", "you will never amount to anything", "nigger",
        "niggers are stupid", "niggers are dumb", and "no nigger can come into the neighborhood

because of security reasons".

90.    That other African-Americans and Cummings were subjected to derogatory comments about African-American neighborhoods.

91.    That other African-Americans and Cummings were subjected to derogatory comments about African-Americans using drugs, eating watermelons and chicken, and drinking liquor.

92.    That Cummings was subjected to derogatory comments about his hair.

93.    That other African-Americans and Cummings were commonly referred to as "boy".

94.    That African-American employees were subjected to racial drawings. For example, Gollucci drew a picture of a triangle inside a circle. Gollucci stated it was Ku Klux Klan member looking down at a black man thrown into a well.

95.    That Defendant's illegal conduct was motivated by evil motive and intent and was reckless and callously indifferent to the federally protected rights of Plaintiff.

96.    That Defendant's treatment of Plaintiff and other minorities was motivated by racial animus and Defendant and its agents acted with racial animus directed toward African-Americans in violation of the law.

-20-

97.     That the racial harassment that Plaintiff and other minorities were subjected to in the hands

        of Defendant, its agents, representatives and employees was persistent in nature, unwelcome,

        extremely offensive, humiliating, and had the effect of creating a hostile and intimidating

        work environment for Plaintiff and other minorities.

98.     That said continuous and persistent race discrimination and harassment adversely affected

        the terms and conditions of Plaintiff's employment with Defendant.

99.     That as a direct and proximate result of said unlawful employment practices and disregard

        for Plaintiff's rights and sensibilities, Plaintiff has likely lost and will continue to lose

        substantial income, including but not limited to, wages, fringes, pension, seniority benefits,

        and other employment benefits that are due to him.

100.    That as a further direct and proximate result of said unlawful employment practices Plaintiff

        has suffered the indignity of discrimination, invasion of his right to be free from

        discrimination and great humiliation which is manifest in physical illnesses and emotional

        stress on the relationships between Plaintiff's friends and family.

101.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff

        has suffered extreme mental anguish, outrage, severe anxiety about his future and ability to

        support himself, harm to his employability and earning capacity, painful embarrassment

among friends and co-workers, damage to his reputation, disruption of his personal life, and

loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Cummings respectfully prays that the Court provide the following equitable

and legal relief:

a) Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b) Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c) Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d) Award Cummings lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Cummings which resulted from the discrimination with applicable prejudgment and statutory interest;

e) Award Cummings costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f) Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g) Grant such other and further relief as this Court deems just and proper.

## COUNT VII
## COMPLAINT OF SHAWN CUMMINGS OF RACE DISCRIMINATION IN OTHER TERMS AND CONDITIONS OF EMPLOYMENT

102. That Cummings incorporates the following preceding paragraphs by reference here: ¶¶ 1-13

and 82-101.

103.     That Defendant further subjected Cummings to illegal, inferior and miserable terms and

conditions of employment due to his race in violation of the Title VII and 42 U.S.C. 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Cummings respectfully prays that the Court provide the following equitable

and legal relief:

a)     Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)     Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)     Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)     Award Cummings lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Cummings which resulted from the discrimination with applicable prejudgment and statutory interest;

e)     Award Cummings costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)     Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g)     Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
Kent Flowers,
James Corker, and
Shawn Cummings,

One of Their Attorneys

Uche O. Asonye - 06209522
Mark Pando - 6283693
Craig Papka - 6287051
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603

-24-

## JURY DEMAND

NOW COMES the Plaintiffs by and through their attorney, and hereby demand a trial by jury

in the above entitled cause of action.

                                        Respectfully Submitted,
                                        Kent Flowers,
                                        James Corker, and
                                        Shawn Cummings,

                                        One of Their Attorneys

Uche O. Asonye - 06209522
Mark Pando - 6283693
Craig Papka -  6287051
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (f)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Kent Flowers**<br>**1901 S. Harrison Street**<br>**Maywood, Illinois 60153**<br><br>**Certified Mail No. 7000 1670 0012 6746 2159**<br>**(CP Attorney)** | From: | **Equal Employment Opportunity**<br>**Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois  60661-2511** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| **21B-2006-00026** | **Nola Smith, State/Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                    *October 10, 2006*

Enclosure(s)      **John P. Rowe, District Director**                    *(Date Mailed)*

cc:  **Big Apple Finer Foods**

**EXHIBIT**

**A**

10/03/2006  10:56    312-814-5251    DHR                     PAGE  11/18

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| ☐ | FEPA | 2006CF0800 |
| ☐ | EEOC | |

Illinois Department of Human Rights                     and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Kent Flowers | (708) 344 1672 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1901 S. Harrison St. | Maywood, IL 60153 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Big Apple Finer Foods | 15 + | (773) 880-5800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2345 N. Clark St. | Chicago, IL 60614 | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[x] RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| November 1998 | July 2005 |
| [X] CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached sheets.

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

AUG 2 6 2005

RECEIVED

BY _____

OFFICIAL SEAL
LINDSAY ANN SPRINGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/13/2009

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | *Lindsay Ann Spring* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Kent Flowers* | *Kent Flowers* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date 08-26-05   Charging Party (Signature) | 26-08-05 |

EEOC FORM 5 (REV. 3/01)

Charge no:
**KENT FLOWERS v. BIG APPLE FINER FOODS**
**Page 2**

I.    A.    ISSUES/BASIS

        1.    Racially discriminated against and harassed because of race from approximately November 1998 to approximately July 2005.

    B.    PRIMA FACIE ALLEGATIONS

        1.    I was hired by Respondent in approximately November of 1998, as an order picker.

        2.    During my employment with Respondent, I was discriminated against and harassed because of my race, black. I was also subjected to disparate treatment by Russell LODAREK, (owner's son), Wayne LODAREK (owner's son), Frank LODAREK, (owner), and Al Gollucci, member of Respondent's management. Respondent also subjected other black employees to race discrimination and racial harassment on an on-going basis. Respondent has failed to take effective corrective action and failed to prevent the race discrimination and harassment. Respondent continues to discriminate against blacks in the various terms and conditions of employment.

        3.    I believe that I have been discriminated against and harassed because of my race, black, in that:

            a.    I was a satisfactory and conscientious employee.

            b.    Starting in 1998 and continuing until approximately July 2005, I was subjected to persistent race discrimination and harassment by Al Gollucci, Russell, Wayne, and Frank LODAREK. For example:

            c.    When I first started my employment with Respondent and up until my termination, Russell LODAREK and Al Gollucci made comments about black people, such as: "blacks are stupid," "blacks can't read," "blacks can't swim," "you people," "you people are lazy," "all you do is shoot people," "you will never amount to anything," and used the word "nigger."

_____    08 - 26 - 05
Complainant's Signature        Date

10/03/2005  10:56    312-814-~~51         DHR                                    PAGE   13/18

**Charge no:**
**KENT FLOWERS v. BIG APPLE FINER FOODS**
**Page 3**

      d.    Other blacks and I were also subjected to additional harassment in that we endured hostile conduct such as: derogatory comments about blacks; comments about black neighborhoods; derogatory names such as "Jimmy," "Kenny," and "boy;" comments insinuating my inability to read; comments about black donuts being dirty; comments about my skin color; racial drawings in the work place; and such other conduct.

II.   A.   **ISSUE/BASIS**
      1.    Disparate treatment and unequal terms and conditions of employment.

   B.   **PRIMA FACIE ALLEGATIONS**
      2.    I was hired by Respondent in approximately November of 1998, as an order picker.

      3.    I believe that I have been discriminated against and harassed because of my race, black, in that:

         a.    I was a satisfactory and conscientious employee.

         b.    Starting from 1998 until about July 2005, Respondent has subjected me and other black employees to disparate treatment and unequal terms and conditions of employment.

         c.    Other blacks and I were denied employment benefits in contrast to our similarly situated Caucasian co-workers who received benefits. We were subjected to lower pay; assigned heavier and more work than similarly situated Caucasian employees; and were assigned menial jobs such as, shoveling snow, cleaning drains, and washing windows. I have been twice denied promotions in favor of less experienced Caucasian men. Blacks are denied help when such was requested.

_____   08 -26 -05
**Complainant's Signature**     **Date**

Charge no:
**KENT FLOWERS v. BIG APPLE FINER FOODS**
Page 4

d.   Other blacks and I were subjected to delayed raises. Respondent also delayed or denied our timely vacation requests.

e.   The race discrimination and harassment that I was subjected to reflects a pattern and practice of Respondent to blacks in the various terms and conditions of employment, including termination, job assignments, harassment, promotions, and other terms and conditions of employment. These illegal practices are continuing and ongoing in nature.

f.   Said race discrimination and racial hostility is openly displayed and ongoing in nature, and Respondent and its agents condone such conduct and refuse to take necessary action to prevent or correct the discrimination directed at blacks.

Subscribed and sworn to before me this 26th day of _August_____, 2005.

_Lindsay Ann Springer_
Notary Public

OFFICIAL SEAL
LINDSAY ANN SPRINGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES

_____   08-26-05
Complainant's Signature      Date

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **James Corker**<br>**7303 S. Stewart**<br>**Chicago, Illinois 60621**<br><br>**Certified Mail No. 7000 1670 0012 6746 2142**<br>**(CP Attorney)** | From: | **Equal Employment Opportunity**<br>**Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois 60661-2511** |

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| **21B-2005-03179** | **Nola Smith, State/Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

**John P. Rowe, District Director**

*Ocrtbu 10, 2006*
*(Date Mailed)*

Enclosure(s)

cc: **Big Apple Finer Foods**

10/03/2006   10:56    312-814-6251          DHR

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 2006 CF 0671 |

**Illinois Department of Human Rights**                              and EEOC

*State or local Agency, if any*

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. James Corker | (773) 846-5506 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7303 S. Stewart | Chicago, IL 60621 | |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)**

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Big Apple Finer Foods | 15 + | (773) 880-5800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2345 N. Clark St. | Chicago, IL 60614 | Cook |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

**CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))**

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☒ OTHER (Specify)

racial harassment

| DATE DISCRIMINATION TOOK PLACE |
|---|
| EARLIEST                    LATEST |
| October 18, 2005 |
| ☐ CONTINUING ACTION |

**THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):**

**AMENDMENT #1**

See attached sheets.

DEPT. OF HUMAN RIGHTS
SWITCHBOARD

OCT 2 8 2005

OFFICIAL SEAL
MONICA CHOWANIEC
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/18/09

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | *Monica Chowaniec* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *[signature]* 10-28-05 | *[signature]*                    10-28-05 |
| Date          Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| | 28th day of October 2005 |

Charge no:
**JAMES CORKER v. BIG APPLE FINER FOODS**
**Page 2**

I.    A.    **ISSUES/BASIS**
         1.    Racially discriminated against and harassed because of race from approximately December 2004 until the present.

     B.    **PRIMA FACIE ALLEGATIONS**.
         1.    I was hired by Respondent in approximately December of 2004, as a cooler employee.

         2.    During my employment with Respondent, I was discriminated against and harassed because of my race, black. I was also subjected to disparate treatment by Russell Louderik, (owner's son), Wayne Louderik, (owner's son), Frank Louderik, (owner), and Al Gollucci, member of Respondent's management. Respondent also subjected other black employees to race discrimination and racial harassment on an on-going basis. Respondent has failed to take effective corrective action and failed to prevent the race discrimination and harassment. Respondent continues to discriminate against blacks in the various terms and conditions of employment.

         3.    I believe that I have been discriminated against and harassed because of my race, black, in that:

            a.    I was a satisfactory and conscientious employee.

            b.    Starting in December 2004 and to the present, I have been subjected to persistent race discrimination and harassment by Al Gollucci, Russell, Wayne and Frank Louderik. For example:

            c.    When I first started my employment with Respondent and up until the present, Russell Louderik and Al Gollucci made comments about black people, as follows: "blacks are stupid," "blacks don't go to school," "blacks don't have an education," "you people," "you people are lazy," "all you do is shoot people," and used the word "nigger."

            d.    Other blacks and I were also subjected to additional harassment in that we endured hostile conduct such as: derogatory comments about blacks; about black neighborhoods; derogatory names such as "Jimmy," "Kenny," and "boy;" comments about the attendance of black employees; comments about dark fruit; racial drawings in the work place; and such other conduct.

Charge no:
**JAMES CORKER v. BIG APPLE FINER FOODS**
**Page 3**

II.  A.  **ISSUE/BASIS**
1. Disparate treatment and unequal terms and conditions of employment.

B.  **PRIMA FACIE ALLEGATIONS**
2. I was hired by Respondent in approximately December 2004, as a cooler employee.

3. I believe that I have been discriminated against and harassed because of my race, black, in that:

     a.  I was a satisfactory and conscientious employee.

     b.  Starting from December 2004 until the present, Respondent has subjected me and other black employees to disparate treatment and unequal terms and conditions of employment.

     b.  Other blacks and I were denied employment benefits in contrast to our similarly situated Caucasian co-workers who received benefits. We were subjected to lower pay; assigned heavier and more work than similarly situated Caucasian employees; and were assigned menial jobs such as, shoveling snow, cleaning drains, and washing windows. Blacks are denied help when such was requested. Myself and other blacks were subjected to delayed raises. Respondent also delayed or denied our timely vacation requests.

     c.  The race discrimination and harassment that I was subjected to reflects a pattern and practice of Respondent to blacks in the various terms and conditions of employment, including termination, job assignments, harassment, promotions, and other terms and conditions of employment. These illegal practices are continuing and ongoing in nature.

     d.  Said race discrimination and racial hostility is openly displayed and ongoing in nature, and Respondent and its agents condone such conduct and refuse to take necessary action to prevent or correct the discrimination directed at blacks.

10/03/2006  10:56    312-814-6251                DHR

Charge no:
JAMES CORKER v. BIG APPLE FINER FOODS
Page 4

III.   A.   ISSUES/BASIS
       1.   Discharged on October 18, 2005 in retaliation for having
            openly opposed discrimination.

       B.   PRIMA FACIE ALLEGATIONS
       a.   On or about August 04, 2005, my attorney sent Respondent
            correspondence notifying Respondent of a cause of action
            against it for unlawful discrimination and/or harassment against
            me.

       b.   On or about August 24, 2005, I filed a charge number 2006 CF
            0671 with the Illinois Department of Human Rights for racial
            discrimination against Respondent.

       c.   From early August 2005 until late September 2005, Russell
            Lodarek, the owner's son, would ask me when I was going to
            drop my name from the lawsuit. Russell Lodarek would also
            tell me that he thought I was going to drop my name from the
            lawsuit. Russell Lodarek would make these comments
            approximately two times per week throughout this period.

       d.   According to Al Gollucci, a member of Respondent's
            management, Respondent received my charge of
            discrimination on Saturday, September 24, 2005. I did not work
            that Saturday. Al Gollucci informed me of this on the next day
            I worked, September 26, 2005. On that day, Al Gollucci came
            to me and asked, "Why is my name on this lawsuit?"

       e.   My schedule was also changed on September 26, 2005 by
            Russell Lodarek. My schedule was changed in that my start
            time was changed from 6:00 a.m. to 5:00 a.m. I was informed
            that the produce shipments would now be coming in earlier, so
            I had to come in to work earlier. However, the shipments did
            not come in any earlier, they still came in at 6:00 a.m.
            Therefore, there was nothing for me to do between 5:00 a.m.
            and 6:00 a.m.

       f.   My new schedule began on September 27, 2005. That same
            day I was six minutes late for work. Russell Lodarek handed
            me a write-up that day. Prior to this day, I had not received a
            write-up for tardiness, although I had been late.

       g.   Subsequently, I was terminated on October 18, 2005 for
            tardiness.

       h.   Donny (LNU), a co-worker of mine, was late on two occasions
            during the week of September 26, 2005. Donny did not

10/03/2006 10:56 312-814-6251 DHR

Charge no:
## JAMES CORKER v. BIG APPLE FINER FOODS
**Page 5**

receive a write-up. The reason I know that Donny did not receive a write-up was because Respondent attaches the write-up to the employees' time cards. The time cards are accessible to all of Respondent's employees.

i. In October 2005, Steve (LNU) and Rudy (LNU) arrived late to work. Steve and Rudy were written-up only after I approached Russell Lodarek in the afternoon and questioned him as to why he did not write-up Steve and Rudy for tardiness. On the occasions when I arrived tardy, Russell Lodarek wrote me up first thing in the morning.

j. Prior to Respondent receiving my charge of discrimination against it on September 24, 2005, Respondent did not require punctual attendance of any of its employees. In fact, Respondent did not have a rigid work schedule for its employees.

k. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

Complainant's Signature            Date 10-28-05

Subscribed and sworn to me
before this 28th day
of October , 2005.

Notary Public

OFFICIAL SEAL
MONICA CHOWANIEC
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/18/08

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Shawn Cummings**<br>**1655 N. Orchard, #602**<br>**Chicago, Illinois 60614**<br><br>**Certified Mail No. 7000 1670 0012 6746 2166**<br>**(CP Attorney)** | From: | **Equal Employment Opportunity**<br>**Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois 60661-2511** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* |

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2006-00234** | **Nola Smith, State/Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

*October 10, 2006*

Enclosure(s)

**John P. Rowe, District Director**

*(Date Mailed)*

cc: **Big Apple Finer Foods**

10/03/2006  10:56    312-814-6251    DHR    PAGE  15/18

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

06WD826.03

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | 2006CF1060 |
| | ☐ EEOC | |

Illinois Department of Human Rights
*State or local Agency, if any*
and EEOC

| NAME *(indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Shawn Cummings | (312) 867-0961 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1655 N. Orchard # 602 | Chicago, IL 60614 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Big Apple Finer Foods | 15 + | (773) 880-5800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2345 N. Clark St. | Chicago, IL 60614 | Cook |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [x] RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify) | EARLIEST: About June or July of 2004    LATEST: June 2005   [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached sheets.

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

AUG 2 6 2005

RECEIVED
BY

OFFICIAL SEAL
LINDSAY ANN SPRINGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | *Lindsay Ann Springer* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
|---|---|
| 8-26-05 | |
| Date      Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)   26-08-05 |

EEOC FORM 5 (REV. 3/01)

Charge no:
**SHAWN CUMMINGS v. BIG APPLE FINER FOODS**
Page 2

I.  A.  ISSUES/BASIS

1.  Racially discriminated against and harassed because of race from approximately June or July 2004 to approximately June 2005.

B.  PRIMA FACIE ALLEGATIONS

1.  I was hired by Respondent in approximately June or July of 2004 as a driver.

2.  During my employment with Respondent, I was discriminated against and harassed because of my race, black. I was also subjected to disparate treatment by Russell LODAREK,(owner's son), Wayne LODAREK(owner's son), FrankLODAREK,(owner), and Al Gollucci, member of Respondent's management. Respondent also subjected other black employees to race discrimination and racial harassment on an on-going basis. Respondent has failed to take effective corrective action and failed to prevent the race discrimination and harassment. Respondent continues to discriminate against blacks in the various terms and conditions of employment.

3.  I believe that I have been discriminated against and harassed because of my race, black, in that:

a.  I was a satisfactory and conscientious employee.

b.  Starting in approximately June or July 2004 and continuing until approximately June 2005, I was subjected to persistent race discrimination and harassment by Al, Gollucci, Russell, Wayne and Frank LODAREK. For example:

c.  When I first started my employment with Respondent and up until my termination, Russell LODAREKand Al Gollucci made comments about black people, such as: "blacks are stupid," "you people," "ya'll blacks," "that a boy," "you people are lazy," "all you do is shoot people," and used the word "nigger."

_____      8-26-05
Complainant's Signature          Date

Charge no:
**SHAWN CUMMINGS v. BIG APPLE FINER FOODS**
Page 3

    d.    Other blacks and I were also subjected to additional harassment in that we endured hostile conduct such as: derogatory comments about blacks; comments about black neighborhoods; derogatory names such as "Jimmy," "Kenny," and "boy;" comments about the attendance of black employees; comments about blacks using drugs, eating watermelon and chicken, and drinking liquor; specific comments about my hair; racial drawings in the work place; and such other conduct.

II.    A.    ISSUE/BASIS

        1.    Disparate treatment and unequal terms and conditions of employment.

    B.    PRIMA FACIE ALLEGATIONS

        2.    I was hired by Respondent in approximately June or July of 2004, as a driver.

        3.    I believe that I have been discriminated against and harassed because of my race, black, in that:

            a.    I was a satisfactory and conscientious employee.

            b.    Starting from June or July 2004 until about June 2005, Respondent has subjected me and other black employees to disparate treatment and unequal terms and conditions of employment.

            c.    Other blacks and I were denied employment benefits in contrast to our similarly situated Caucasian co-workers who received benefits. We were subjected to lower pay; assigned heavier and more work than similarly situated Caucasian employees; and were assigned menial jobs such as, shoveling snow, cleaning drains, and washing windows. Caucasian employees are given preferable and financially rewarding assignments.

_____    8-26-05
Complainant's Signature        Date

Charge no:
**SHAWN CUMMINGS v. BIG APPLE FINER FOODS**
Page 4

    d.    Blacks are denied help when such was requested. Myself and other blacks were subjected to delayed raises. Respondent also delayed or denied our timely vacation requests.

    e.    The race discrimination and harassment that I was subjected to reflects a pattern and practice of Respondent to blacks in the various terms and conditions of employment, including termination, job assignments, harassment, promotions, and other terms and conditions of employment. These illegal practices are continuing and ongoing in nature.

    f.    Said race discrimination and racial hostility is openly displayed and ongoing in nature, and Respondent and its agents condone such conduct and refuse to take necessary action to prevent or correct the discrimination directed at blacks.

Subscribed and sworn to before me this 26th day of August , 2005.

_Lindsay Ann Springer_
Notary Public

OFFICIAL SEAL
LINDSAY ANN SPRINGER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES

Complainant's Signature    Date

8-26-05